IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 8:07-553-HMH |
| vs. | ) | |
| | ) | |
| | ) | |
| Dureyll Levaria Sullivan, | ) | **OPINION & ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Dureyll Levaria Sullivan's ("Sullivan") motion alleging that his federal sentence was supposed to be served concurrently with, not consecutively to, his state sentence and requesting nunc pro tunc designation of the state facility where he served his state sentence. (Sullivan Mot., generally, ECF No. 98.) "A federal prisoner may challenge the execution of his sentence, including the computation of his remaining prison term, by petitioning for habeas corpus under [28 U.S.C.] § 2241." Alicea v. Saad, No. 18-6161, 761 Fed. App'x 168, 170 (4th Cir. Feb. 20, 2019) (unpublished) (citing Fontanez v. O'Brien, 807 F.3d 84, 86 (4th Cir. 2015)). This motion challenges the execution of Sullivan's sentence and is "best construed as a 28 U.S.C. § 2241 (2012) petition[.]" United States v. Mullinax, No 17-6894, 706 Fed. App'x 134, 134 (4th Cir. Dec. 15, 2017) (unpublished). "Jurisdiction over a § 2241 petition 'lies'" solely in the "'district of confinement.'" Id. (quoting Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004)). When a petitioner files a § 2241 petition in a court lacking jurisdiction, "the court shall, if it is in the interest of justice, transfer such action" to a court where jurisdiction lies. 28 U.S.C.

1

§ 1631.  Based on the foregoing, the court transfers this action to the district where Sullivan is confined, the United States District Court for the Eastern District of North Carolina.

    **IT IS SO ORDERED**.

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
April 29, 2020